**Oct 17, 2019**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. **19-20674-CR-GAYLES/OTAZO-REYES**

18 U.S.C. § 371
18 U.S.C. § 670
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)
18 U.S.C. § 1341
18 U.S.C. § 982(a)(1)
18 U.S.C. § 981(a)(1)(C)

### UNITED STATES OF AMERICA

vs.

### JOSHUA RYAN JOLES,
### MOHAMMAD MEHDI SALEMI,
### ANGEL CAMINERO ALVAREZ, and
### LEONIDES HERRERA,

**Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

1.    The distribution and sale of prescription drugs in the United States is subject to regulation under the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Sections 331 et. seq. The purpose of the law is to ensure that patients taking prescription drugs receive safe, effective, and properly labelled medicine.

2.    Accordingly, federal law, including Title 21, United States Code, Section 360eee-1, generally requires that prescription drugs sold in the United States be accompanied by transaction information and history, beginning with the manufacturer and covering each subsequent seller, identifying, among other things, the product, the quantity, the lot number,

strength and dosage, the date of each sale, and the parties to each transaction.   Such transaction information and histories are referred to as "pedigrees."

3.      The introduction or delivery for introduction into interstate commerce of any drug that is adulterated or misbranded; the receipt in interstate commerce of any drug that is adulterated or misbranded and subsequent delivery of such drug is a violation of federal law, Title 21 U.S.C. §331(a) and (c).

4.      A drug is misbranded if its labeling is false or misleading, pursuant to Title 21, U.S.C. §352(a)(1).   "Labeling" includes written, printed, or graphic matter that is attached to or that accompanies the drug, or that is part of an integrated distribution system and that supplements, explains, or provides substantial information about the product.

5.      A drug is adulterated if any substance has been substituted in whole or in part for the drug, pursuant to Title 21, U.S.C. §351(d).

6.      The acceptance of ownership by a wholesale distributor of prescription drugs without transaction information and history (pedigree), and the failure to provide a transaction statement, information and history to a subsequent purchaser of a prescription drug, is a violation of federal law, Title 21 U.S.C. §§331(t) and 360eee-1 and 360eee-3.

## COUNT 1
**Conspiracy to Deliver Misbranded and Adulterated Drugs**
**18 U.S.C. §371**

Paragraphs 1 through 6 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

From an unknown date at least as early as in or around January, 2013, and continuing until on or about May 28, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSHUA RYAN JOLES and**
**MOHAMMAD MEHDI SALEMI,**

agreed, conspired, and combined with each other and with others known and unknown to the Grand

Jury to commit offenses against the United States.    That is, the defendants conspired, with intent

to defraud,

(a) to introduce and deliver for introduction into interstate commerce adulterated and

misbranded drugs, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2);

(b) to receive in interstate commerce and deliver adulterated and misbranded drugs, in

violation of Title 21, United States Code, Section 331(c) and 333(a)(2), and

(c) to provide and to accept ownership of prescription drugs as wholesale distributors

without providing or obtaining transaction histories and information as required by Title 21, United

Sates Code, Section 360eee-1(c)(1)(A)(i) and (ii), in violation of Title 21, United States Code,

Sections 331(t) and 333(a)(2) .

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to

accomplish the objects of the conspiracy included, the following: (1) acquiring and establishing

licensed pharmaceutical wholesale companies for the purpose of carrying out the conspiracy;   (2)

buying expensive prescription medications, made to treat illnesses such as psychiatric disorders,

cancer, and HIV infections, from sources who had obtained them from theft and burglary and from

health care fraud, including buying them from patients who had received them at greatly reduced

prices through Medicare and Medicaid; (3) altering the labeling and preparing false and fraudulent

pedigrees for prescription drugs in order to make them appear to have been sent to the conspirators

through the legitimate means of commerce directly from the manufacturers, and (4) introducing

them back into interstate commerce by selling them to pharmacies.   Medicines obtained in this

manner are known as "diverted pharmaceuticals" or "diverted drugs".   The medicines ultimately were sold at full retail price to unsuspecting patients.

### OVERT ACTS

In furtherance of the conspiracy, and to achieve its objectives, at least one member of the conspiracy committed at least one of the following overt acts:

1.      In or around August 2013, defendant **Joshua Ryan Joles** provided another conspirator with instructions on how to prepare false pedigrees and invoices to support pharmaceutical sales.

2.      In or around 2013, defendant **Joshua Ryan Joles** took over management of LLC Wholesale Supply LLC in Tempe, Arizona, a licensed pharmaceutical wholesaler.

3.      On or about June 21, 2013, defendant **Mohammad Mehdi Salemi** purchased Wholesalers Group, Inc., a licensed pharmaceutical wholesale company based in Puerto Rico.

4.      On or about December 17, 2014, defendant **Mohammad Mehdi Salemi** opened Wholesalers Group, LLC as a Delaware company, using a mailbox in Burbank, California for its address.

5.      On or about December 31, 2014, a co-conspirator sent **Joshua Ryan Joles** an email offering him a shipment of drugs at 16% to 18% below the wholesale acquisition cost.

6.      During an approximately six month time period in 2016-2017, members of the conspiracy maintained an apartment on N.W. 12th Street in Miami, Florida, for storing diverted pharmaceuticals for sale in interstate commerce.

7.      During an approximately six month time period in 2016-2017, at an apartment on N.W. 12th Street in Miami, Florida, under direction of defendant **Mohammad Mehdi Salemi**, members of the conspiracy prepared fake and fraudulent pedigrees for numerous sales of diverted

4

pharmaceuticals by Wholesalers Group, Inc. to defendant **Joshua Ryan Joles** at LLC Wholesale Supply LLC.

8.  During an approximately six month time period in 2016-2017, at an apartment on N.W. 12th Street in Miami, Florida, members of the conspiracy removed the labels from bottles of pharmaceuticals showing the names of patients from whom the pharmaceuticals had been obtained, cleaned the bottles, and otherwise attempted to make the pharmaceuticals appear to be newly-manufactured when in fact they were diverted drugs.

9.  On numerous occasions between January 2013 and May 28, 2019, defendant **Joshua Ryan Joles** purchased shipments of diverted pharmaceuticals from defendant **Mohammad Mehdi Salemi** at prices substantially below the wholesale acquisition cost and substantially below the prices of such drugs on the legitimate market.

10. On numerous occasions between January, 2013 and May 28, 2019, defendant **Joshua Ryan Joles** purchased diverted pharmaceuticals from defendant **Mohammad Mehdi Salemi**, which were shipped from Miami, Florida, and which were sent with incomplete and inaccurate pedigrees.

11. On numerous occasions between January 2013 and May 28, 2019, defendant **Joshua Ryan Joles** sold diverted pharmaceuticals to pharmacies purchasing them for retail sales to patients.

12. On or about March 28, 2019, in Tempe, Arizona, defendant **Joshua Ryan Joles** maintained in his possession more than one thousand seven hundred fifty bottles of diverted pharmaceuticals, which, if not adulterated and misbranded, would have been worth in excess of $3.5 million.   These diverted drugs were stored for shipment in a warehouse under his control as chief executive officer of LLC Wholesale Supply LLC.

13.     On or about May 28, 2019, in Tempe, Arizona, defendant **Joshua Ryan Joles** maintained in his possession numerous fake and fraudulent pedigrees in a warehouse under his control as chief executive officer of LLC Wholesale Supply LLC.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
**Conspiracy to Traffic in Medical Products with False Documentation**
**18 U.S.C. §670**

From an unknown date at least as early as in or around January, 2013, and continuing until on or about May 28, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSHUA RYAN JOLES and**
**MOHAMMAD MEHDI SALEMI,**

employed by and as agents of an organization in the supply chain for pre-retail medical products, knowingly and willfully agreed, conspired, and combined with each other and with others known and unknown to the Grand Jury to knowingly and falsely make and alter the labeling and documentation of pre-retail medical products, and to knowingly possess, transport, and traffic in pre-retail medical products involving false and altered labeling and documentation, in violation of Title 18, United States Code, Section 670(a)(2) and (3); all in violation of Title 18, United States Code, Section 670(a)(6) and (b)(1).

**COUNT 3**
**Conspiracy to Commit Money Laundering**
**18 U.S.C. §1956(h)**

From an unknown date at least as early as in or around January, 2013, and continuing until May 28, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSHUA RYAN JOLES,**

**MOHAMMAD MEHDI SALEMI,
ANGEL CAMINERO ALVAREZ, and
LEONIDES HERRERA,**

knowingly and willfully combined, conspired, and agreed with each other and with others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, that is:

(a)    to knowingly conduct financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, knowing that the property involved in the transactions involved the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, U.S.C. §1956(a)(1)(A), and

(b)    to knowingly conduct financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, knowing that the property involved in the transactions involved the proceeds of some form of unlawful activity, knowing that the financial transactions were designed in whole or in part to conceal and disguise the nature, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18 U.S.C. §1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity was mail fraud and wire fraud, in violation of Title 18 U.S.C. §§ 1341 and 1343.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNT 4**
**Money Laundering**
**18 U.S.C. §1956(a)(1)(B)(i)**

On or about June 15, 2018, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSHUA RYAN JOLES and
MOHAMMAD MEHDI SALEMI,**

7

knowing that the property involved represented the proceeds of some form of unlawful activity,

conducted a financial transaction involving the proceeds of specified unlawful activity, that is,

the wire transfer of approximately $40,000 from account number XXX734 held at Citibank by

MAS Express Corp. of Miami, Florida, to account number XXX848 held at Wells Fargo Bank by

JJoles Enterprises, knowing that the transaction was designed in whole or in part to conceal or

disguise the nature, source, ownership, or control of the proceeds of specified unlawful activity, in

violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is mail fraud and wire fraud in

violation of Title 18, United States Code, Sections 1341 and 1343.

### COUNT 5
**Money Laundering**
**18 U.S.C. §1956(a)(1)(B)(i)**

On or about August 24, 2018, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendants,

**JOSHUA RYAN JOLES and**
**MOHAMMAD MEHDI SALEMI,**

knowing that the property involved represented the proceeds of some form of unlawful activity,

conducted a financial transaction involving the proceeds of specified unlawful activity, that is,

the wire transfer of approximately $47,760 from account number XXX734 held at Citibank by

MAS Express Corp. of Miami, Florida, to account number XXX848 held at Wells Fargo Bank by

JJoles Enterprises, knowing that the transaction was designed in whole or in part to conceal or

disguise the nature, source, ownership, or control of the proceeds of specified unlawful activity, in

violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is mail fraud and wire fraud in

violation of Title 18, United States Code, Sections 1341 and 1343.

## COUNTS 6-10
### Mail Fraud
### 18 U.S.C. §1341

From an unknown date at least as early as in or around January, 2013, and continuing until on or about May 28, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### JOSHUA RYAN JOLES and
### MOHAMMAD MEHDI SALEMI,

with intent to defraud, devised a scheme and artifice to defraud and to obtaining money by means of materially false and fraudulent pretenses and representations, for the purpose of executing such scheme to defraud, deposited and caused to be deposited things to be sent and delivered by commercial interstate carrier, and received such things therefrom.

## PURPOSE OF THE SCHEME

The purpose of the scheme to defraud was for the defendants and their accomplices to unlawfully enrich themselves by selling misbranded, adulterated and otherwise diverted drugs as if they were part of the legitimate pharmaceutical market.

## THE SCHEME TO DEFRAUD

As part of the scheme, the defendants obtained and sold pharmaceuticals as if they had been obtained and kept through legitimate methods of purchase, storage, transport, and sale of prescription pharmaceuticals, and had been provided directly by the manufacturers, when in fact they were diverted drugs bought from patients who had received them at discounted prices through Medicare and Medicaid, and obtained from health care fraud, cargo theft, and pharmacy burglaries. Such drugs may have been stored under improper conditions, some were past their expiration dates, and some were not what the labels represented them to be.

9

In order to effectuate their scheme, the defendants sold drugs with altered labels, and prepared and caused the preparation of pedigrees for such sales which were completely fabricated and false, providing false information to ultimate innocent purchasers about the nature and integrity of the drugs, their sources, and their transaction histories, in order to be able to sell them at normal market prices.   In order to further disguise their origin, the defendants had the drugs shipped from Florida to Arizona with false and fraudulent information on the shipping records provided to the interstate carrier, misidentifying the address of the shipper.

By paying for such diverted drugs at extremely low prices and marketing them to pharmacy purchasers below the normal prices for legitimate drugs, the defendants were able to generate very large profits, at the cost of jeopardizing the health of patients who unknowingly bought the diverted drugs.

**USE OF COMMERCIAL INTERSTATE CARRIER**

On or about the dates below, in the Southern District of Florida and elsewhere for the purpose of executing this scheme, the defendants knowingly caused the following shipments, among others, to be made by interstate carrier according to the directions thereon:

| Count | Approximate Shipment Date | Shipment Details | Shipped By | Shipped From | Shipped To |
|---|---|---|---|---|---|
| 6 | 06/16/2015 | One box | FedEx | "WGI US" in Miami, FL | "LLC Wholesale Supply" in Tempe, AZ |
| 7 | 03/03/2017 | One box | FedEx | "Wholesalers Group US" in Miami, FL | "LLC Wholesale Supply" in Tempe, AZ |
| 8 | 11/09/2017 | One box | FedEx | "Wholesalers Group US" in Miami, FL | "LLC Wholesale Supply" in Tempe, AZ |
| 9 | 05/29/2018 | Four boxes | FedEx | "Mohammad Salemi" in Miami, FL | "Wholesalers Group US" in Bellevue, WA |
| 10 | 04/09/2019 | Four boxes | FedEx | "MDS" in Miami, FL | "Wholesalers Group US" in Bellevue, WA |

In violation of Title 18, United States Code, Section 1341.

10

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982(a)(1))
### (18 U.S.C. § 981(a)(1)(C))

1.      The allegations contained in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants, **JOSHUA RYAN JOLES**, **MOHAMMAD MEHDI SALEMI**, **ANGEL CAMINERO ALVAREZ**, and **LEONIDIS HERRERA** have an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 1956(h), as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3.      Upon conviction of a violation of Title 18, United States Code, Section 1341, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

4.      The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

(i)      a sum of money, which represents the total amount of funds involved in the violation of Title 18, United States Code, Section 1956 alleged in the Indictment and which may be sought as a forfeiture money judgment;

(ii)     real property located at 16218 South 34th Way, Phoenix, Arizona, 85048-7444;

(iii)    real property located 10101 SW 124th Avenue, Miami, Florida, 33186;

11

(iv)    real property located at 3223 Evergreen Point Road, Medina, Washington, 98039

(v)    Account number 1030020296256 at First Credit Union in the name of LLC WHOLESALE SUPPLY LLC;

(vi)    Account number 331178779 at JP Morgan Chase Bank held in the name of Harvard Distributor Group

(vii)    Account number 898092625825 at Bank of America in the name of Harvard Distributor Group;

(viii)    Account number 4358061730 at TD Bank in the name of Harvard Distributor Group;

(ix)    Account number 9117877642 at Citibank in the name of Mohammad Salemi;

(x)    Account number 59685357bccc1e0176a03bb3 at Coinbase.com in the name of Mohammed Salemi;

(xi)    Account number 3757-2732 at E*TRADE Securities LLC in the name of Mohammed Salemi;

(xii)    Account number 113075979 at JP Morgan Chase Bank in the name of Wholesaler's Group of Washington LLC;

(xiii)    Account number 9118166734 at Citibank in the name of MAS Express Corporation;

(xiv)    Account number 3263614848 at Wells Fargo Bank in the name of JJoles Enterprises LLC; and

(xv)    Account number 5a21a84cbb6c11012d9d75ff at Coinbase.com in the name of Joshua Joles

5.    If any of the property subject to forfeiture, as a result of any act or omission of the

defendants:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without
         difficulty.

the United States shall be entitled to forfeiture of substitute property under the provisions of Title

21, United States Code, Section 853(p).:

    All pursuant to Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C) and the

procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18,

United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____

FOREPERSON

_____

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____

FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY

_____

WALTER M. NORKIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY\***

JOSHUA RYAN JOLES, et al.,

_____Defendants._____/

**Superseding Case Information:**

**Court Division:** (Select One)

| | | |
|---|---|---|
| ✓ Miami | ___ Key West | |
| ___ FTL | ___ WPB | ___ FTP |

New defendant(s)           Yes ___   No ___
Number of new defendants   ___
Total number of counts     ___

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:   (Yes or No)   No_____
    List language and/or dialect   _____

4.  This case will take __8__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

(Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | ___ | Petty | ___ | |
| II | 6 to 10 days | ✓ | Minor | ___ | |
| III | 11 to 20 days | ___ | Misdem. | ___ | |
| IV | 21 to 60 days | ___ | Felony | ✓ | |
| V | 61 days and over | ___ | | | |

(Check only one) appears above the Petty/Minor/Misdem./Felony column.

6.  Has this case previously been filed in this District Court?   (Yes or No)   No_____
    If yes: Judge _____   Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?   (Yes or No)   No_____
    If yes: Magistrate Case No. _____
    Related miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the District of _____

    Is this a potential death penalty case? (Yes or No)   No_____

7.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8.  Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0261289

\*Penalty Sheet(s) attached

REV 8/13/2018

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: JOSHUA RYAN JOLES

**Case No**:

Count #: 1

Conspiracy to Deal in Misbranded Drugs

Title 18, United States Code, Section 371

**\* Max.Penalty**: Five Years' Imprisonment

Count #: 2

Conspiracy to Traffic in Medical Products with False Documentation

Title 18, United States Code, Section 670

**\* Max.Penalty**: Twenty Years' Imprisonment

Count #:3

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\* Max.Penalty**: Twenty Years' Imprisonment

Count #:4 and 5

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max.Penalty**: Twenty Years' Imprisonment

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: JOSHUA RYAN JOLES

**Case No:**

Count #: 6-10

Mail Fraud

Title 18, United States Code, Section 1341

\* **Max.Penalty**: Twenty Years' Imprisonment

\* **Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: MOHAMMAD MEHDI SALEMI

**Case No:**

Count #: 1

Conspiracy to Deal in Misbranded Drugs

Title 18, United States Code, Section 371

**\* Max.Penalty**: Five Years' Imprisonment

Count #: 2

Conspiracy to Traffic in Medical Products with False Documentation

Title 18, United States Code, Section 670

**\* Max.Penalty**: Twenty Years' Imprisonment

Count #:3

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\* Max.Penalty**: Twenty Years' Imprisonment

Count #:4 and 5

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max.Penalty**: Twenty Years' Imprisonment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name**: MOHAMMAD MEHDI SALEMI

**Case No**:

Count #: 6-10

Mail Fraud

Title 18,  United States Code, Section 1341

* **Max.Penalty**: Twenty Years'  Imprisonment

\* **Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: ANGEL CAMINERO ALVAREZ

Case No:

Count #: 3

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

* Max.Penalty: Twenty Years' Imprisonment

* Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name**: LEONIDES HERRERA

**Case No:**

Count #: 3

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\* Max.Penalty**: Twenty Years' Imprisonment

\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.