## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-20674-CR-GAYLES(s)

**UNITED STATES OF AMERICA**

**v.**

**JOSHUA JOLES,**

**Defendant.**

_____/

### PLEA AGREEMENT

The United States of America and Joshua Joles (hereinafter referred to as the "defendant") enter into the following agreement:

1.      The defendant agrees to plead guilty to Count 2 of the Superseding Indictment, which count charges him with conspiracy to knowingly falsify or alter documentation of medical products and to possess or traffic in medical products with false documentation or labeling, in violation of Title 18, United States Code, Section 670(a)(6), and to Count 3, which charges him with money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h).

2.      The United States agrees to seek dismissal of the remaining counts of the indictment, as to this defendant, after sentencing.

3.      The defendant is aware that his sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant understands that the court will determine his advisory sentence range under the Sentencing Guidelines, by relying in part on a Pre-Sentence Investigation

1

conducted by the court's Probation Office after his guilty plea has been entered.   The defendant further understands that the court is required to consider the Sentencing Guidelines advisory range, but is not bound to impose that sentence; the court is permitted to decide his sentence based upon other statutory concerns, and his sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the defendant understands that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that, the defendant may not withdraw his plea solely as a result of the sentence imposed.

4.      The defendant understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 5 years for Count 2 and up to 20 years for Count 3, followed by a term of supervised release of up to 3 years.   In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000 for Count 2 and $500,000 or twice the amount of the laundered funds for Count 3.

5.      The defendant understands that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 per count will be imposed.   The defendant agrees that the special assessment shall be paid at the time of sentencing.

6.      The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and his background.   Subject only to the express terms of any sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.     The United States and the defendant jointly agree to recommend that the defendant be held accountable for offense conduct involving falsely documented medical products (prescription pharmaceuticals) of a value of more than $78 million, and laundering the same amount of the proceeds, for the purposes of the Sentencing Guidelines computation under Sections 2B1.1(b)(1) and 2S1.1(a)(1).   The parties also jointly recommend that the court apply only the following Guidelines adjustments in addition to the base offense level and dollar amount adjustments: +4 under USSG Section 2B1.1(b)(8)(B) for a violation of Title 18, U.S.C., Section 670 by an employer or agent of an organization in the supply chain of pre-retail medical products, +2 under USSG Section 2S1.1(b)(2)(B) for a conviction for a violation of Title 18, U.S.C., Section 1956.   However, the parties acknowledge these agreements between the parties are not binding on the court.   This agreement resolves all charges that could have been brought against the defendant based on the information known to the United States at the time the agreement is signed.

8.     The United States agrees to recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's affirmative and timely acceptance of personal responsibility for his offense. If the defendant's guideline range is level 16 or above, the United States will move for an additional one-level reduction pursuant to Sentencing Guideline Section 3E1.1(b).   The United States further agrees to recommend that the court impose a sentence at the low end of the guideline range, as that range is determined by the court, or 103 months imprisonment, whichever is lower.   However, the United States will not be required to make this motion or these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the Probation Office of his relevant offense conduct; (2) is

3

found to have misrepresented relevant facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement; including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any government entity or official.

9.      The defendant reserves the right to argue for a sentence below the applicable guideline range, based on factors encompassed within Title 18, United States Code, Section 3553.

10.      The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.   In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

11.   This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.   If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or

Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

12. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

13. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(a) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(b) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the

5

defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by decision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(c)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(d)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(e)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case.

14.     The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or

personal, involved the offense in violation of 18 U.S.C. § 1956, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).   In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).   The property subject to forfeiture includes, but is not limited to:

a.   a forfeiture money judgment in the sum of approximately $2,750,000.00 in U.S. currency, which sum represents the value of the property subject to forfeiture; and

b.   directly forfeitable property, including, but not limited to:

i.   real property located at 16218 South 34th Way, Phoenix, Arizona, 85048-7444;

ii.   Account number 1030020296256 at First Credit Union in the name of LLC WHOLESALE SUPPLY LLC;

iii.   Account number 3263614848 at Wells Fargo Bank in the name of JJoles Enterprises LLC; and

iv.   Account number 5a21a84cbb6c11012d9d75ff at Coinbase.com in the name of Joshua Joles.

The defendant also agrees to forfeit any rights he may possess to items seized from LLC Wholesale Supply LLC and agrees to dismiss any actions, and not pursue any other legal or equity actions, pertaining to those seized items, including taking whatever steps the government requests to dismiss cause of action 19-CV-04698-DLR, pending in the District of Arizona.

15.   The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees

7

to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

16.     The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction.   The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.   This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

17.     In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

    a.   submit a financial statement to this Office upon request, within 14 calendar days from the request;

    b.   maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

    c.   provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

    d.   cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

e.  notify, within 30 days, the Clerk of the Court for the Southern District of Florida

and this Office of: (i) any change of name, residence, or mailing address, and

(ii) any material change in economic circumstances.

The defendant further understands that providing false or incomplete information about assets,

concealing assets, making materially false statements or representations, or making or using false

writings or documents pertaining to assets, taking any action that would impede the forfeiture of

assets, or failing to cooperate fully in the investigation and identification of assets may be used as

a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of

a denial of a reduction for acceptance of responsibility under to Sentencing Guideline § 3E1.1.

18.     The defendant is aware that his sentence has not yet been determined by the court.

The defendant also is aware that any estimate of the probable sentencing range or sentence that he

may receive, whether that estimate comes from his attorney, the government, or the Probation

Office, is a prediction, not a promise, and is not binding on the government, the Probation Office,

or the court.   The defendant further understands that any recommendation that the government

makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding

on the court and the court may disregard the recommendation in its entirety.   The defendant

understands that he may not withdraw his guilty plea even if the court declines to accept any

motions or recommendation made on his behalf.

19.     The defendant is aware that Title 28, United States Code, Section 1291 and Title

18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed

in this case.   Acknowledging this, in exchange for the undertakings made by the United States in

this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742

to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.   However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.   The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.   By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.   The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary

20.     This is the entire agreement and understanding between the United States and the defendant.   There are no other agreements, promises, representations, or understandings, and this

agreement supersedes any prior agreements, including any <u>Kastigar</u> agreements, previously entered.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 5/25/21        By: *Walter M. Norkin*

WALTER M. NORKIN
ASSISTANT UNITED STATES ATTORNEY

Date: 5/26/21        By: 

MARISSEL DESCALZO
ATTORNEY FOR DEFENDANT

Date: 5/26/21        By: 

JOSHUA JOLES
DEFENDANT

11