UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20674-GAYLES(s)

UNITED STATES OF AMERICA

v.

JOSHUA RYAN JOLES,

        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Joshua Ryan Joles (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On December 12, 2019, a federal grand jury returned a Superseding Indictment charging the Defendant in Count 3 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), among other counts. Superseding Indictment, ECF No. 38. The Superseding Indictment also contains forfeiture allegations, which allege that upon conviction of a violation of 18 U.S.C. § 1956, the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 15. The Superseding Indictment alleges that the property subject to forfeiture, as a result of the alleged offense, includes but is not limited to the following (collectively, the "Property"):

    i.    real property located at 16218 South 34th Way, Phoenix, Arizona, 85048-7444;

    ii.    Account number 1030020296256 at First Credit Union in the name of LLC WHOLESALE SUPPLY LLC;

> iii. Account number 3263614848 at Wells Fargo Bank in the name of JJoles Enterprises LLC; and
>
> iv. Account number 5a21a84cbb6c11012d9d75ff at Coinbase.com in the name of Joshua Joles.

*See id.* at 15-16.

On May 27, 2021, the Court accepted the Defendant's guilty plea to Count 3 of the Superseding Indictment. *See* Minute Entry, ECF No. 293; Plea Agreement ¶ 1, ECF No. 295. As part of his guilty plea, the Defendant agreed to the forfeiture of the Property and a forfeiture money judgment in the amount of $2,750,000.00. Plea Agreement ¶ 16, ECF No. 295.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 294. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at ¶ 13.

On July 13, 2021, the Court approved a stipulation entered between the United States and the Defendant. Order Approving Stipulation and Settlement Agreement between the United States and Joshua Ryan Joles, ECF No. 353. The terms of the stipulation provide that in lieu of forfeiture of the Phoenix Property by the United States, the Defendant agrees to make a $213,356.48 payment to the United States (the "Settlement Payment"). Stipulation and Settlement Agreement Between the United States and Joshua Ryan Joles at ¶ 3, ECF No. 352-1. If the Defendant fails to remit the Settlement Payment within 60 days, then Defendant consents to the final forfeiture of the Phoenix Property. *Id.* at ¶ 5. Therefore, the United States is seeking forfeiture of the $213,356.48 in lieu of the Phoenix Property.

According to the Defendant's Factual Proffer, in approximately 2013, the Defendant became a shareholder and Chief Executive Officer ("CEO") of LLC Wholesale Supply LLC

("LLC"). Factual Proffer at ¶ 1, ECF No. 294. LLC purportedly sold wholesale quantities of drugs in a manner that appeared legitimate but, in actuality, LLC engaged in the sale of diverted drugs. *Id.*

In 2013, the Defendant agreed with co-conspirator Mohammad Salemi ("Salemi") to purchase pharmaceuticals of questionable provenance or otherwise unlawful to sell through Salemi's company Wholesaler's Group, Inc. ("WGI"). *See id.* at ¶ 3. The Defendant agreed to purchase those drugs through LLC. *Id.*

In approximately October 2014, Salemi contacted that the Defendant and advised that another company Drogueria Las Rosas ("DLR"), which was operated by another co-conspirator, Jorge Paiz ("Paiz"), would also sell LLC pharmaceuticals. *See id.* at ¶ 5. By mid-2015, sales from WGI and DLR totaled approximately $1,000,000 per month each. *Id.*

The diverted pharmaceuticals were shipped from Miami to LLC, which was located in Phoenix, Arizona, via Federal Express; and later, packages were shipped from Miami to another one of Salemi's businesses in Washington, which later shipped to LLC in Arizona. *See id.* at ¶ 8.

The Defendant, through LLC, paid for the diverted pharmaceuticals by issuing payments to a separate business operated by Salemi, Wholesalers' Group LLC ("WG LLC"). *See id.* at ¶ 10. From the WG LLC accounts, funds were transferred to accounts opened in the names of various shell companies and to personal accounts owned by Salemi. *See id.* The purpose of these transfers was to disguise the nature, source, and ownership of the funds and to facilitate conversion to cash in order to continue carrying on the diversion business. *Id.* at ¶ 11.

Approximately $78 million was involved in the money laundering offense to which the Defendant pled guilty. *Id.* at ¶ 13. Further, the Property represents property involved in money laundering, and the Defendant consents to the forfeiture of the Property. *Id.*

The attached declaration of Special Agent Lanthorn describes how proceeds of the sale of diverted drugs were used to purchase and/or fund the Property. The declaration further shows that the Defendant personally obtained approximately $2,750,000.00 from LLC and companies controlled by Salemi.

Based on the record in this case, the total value of the property involved in the offense of conviction is $2,750,000, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. In addition, also based on the record in this case, the following specific property is directly subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(1):

   i.   Approximately $213,356.48 in lieu of real property located at 16218 South 34th Way, Phoenix, Arizona, 85048-7444;

   ii.  Account number 1030020296256 at First Credit Union in the name of LLC WHOLESALE SUPPLY LLC;

   iii. Account number 3263614848 at Wells Fargo Bank in the name of JJoles Enterprises LLC; and

   iv.  Account number 5a21a84cbb6c11012d9d75ff at Coinbase.com in the name of Joshua Joles.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.   Pursuant to § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $2,750,000.00 is hereby entered against the Defendant.

2.   Pursuant to 18 U.S.C. § 982(a)(1), the following specific property is hereby

forfeited and vested in the United States of America:

   i. Approximately $213,356.48 in lieu of real property located at 16218 South 34th Way, Phoenix, Arizona, 85048-7444;

   ii. Account number 1030020296256 at First Credit Union in the name of LLC WHOLESALE SUPPLY LLC;

   iii. Account number 3263614848 at Wells Fargo Bank in the name of JJoles Enterprises LLC; and

   iv. Account number 5a21a84cbb6c11012d9d75ff at Coinbase.com in the name of Joshua Joles.

3. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

7. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this 26th day of July, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE