UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-20674-CR-GAYLES

UNITED STATES OF AMERICA,

vs.

JOSHUA RYAN JOLES, et al.,

        Defendants.
_____/

**DEFENDANT'S OBJECTIONS TO**
**FINAL PRESENTENCE INVESTIGATION REPORT**

        Defendant Joshua Ryan Joles hereby files his Objections to the Final Presentence Investigation Report.

**PART A. THE OFFENSE**

        Mr. Joles' incorporates by reference Objections to the description of the Offense Conduct as discussed in his Objections to the Probation Services Report [D.E. 357]. While the PSR notes that the information gathered was obtained from various Factual Proffers, some of the information is misinterpreted and does not comport with Mr. Joles' conduct or his factual proffer.

**OFFENSE LEVEL COMPUTATION**

        Generally, Mr. Joles' plea agreement and factual proffer provide the foundation for the sentencing calculation in this case. Mr. Joles objects to any

calculation that differs from what is provided for in the plea agreement. Moreover, the proper calculation of the guidelines can be one of two calculations. Pursuant to 2B1.1(b)(1) the base level offense is 6, plus 24 levels for the loss amount, and 4 levels pursuant to 2B1.1(b)(8)(B) for supply chain. Alternatively, under 2S1.1(a)(2) the base level offense is 8, plus 24 levels for the loss amount, and 2 levels for a conviction under money laundering under 2S.1.1(b)(2)(B). Under either calculation, the adjusted offense level is 34. From this adjusted offense level, there should be an additional 3 level deduction for acceptance of responsibility. As such, the Total Offense Level is 31. Any other calculation results in double counting.

1. Mr. Joles objects to Paragraphs 118-120 and the base offense level calculation contained therein. Mr. Joles refers to the above calculation as the correct calculation. Further, Mr. Joles objects to the sophisticated means enhancement contained in Paragraph 120 and repeated in Paragraph 122. Mr. Joles' objections is twofold. First, the enhancement should not apply. Second, the enhancement should not be counted twice. Mr. Joles provides a detailed objection to sophisticated means enhancement below.

2. Mr. Joles objects to Paragraph 121 as the calculation is inconsistent with the proper calculation of the guidelines and refers to the general objection made supra.

3. Mr. Joles objects to Paragraph 122. As noted in Section 18, the PSR repeats the sophisticated means enhancement twice. Additionally, Mr. Joles, joined by the government, objects to attributing to the defendant either sophisticated means or sophisticated laundering enhancements on the facts of the defendant's case and consistent with the resolution of those issues in other sentencings in this case. The fraud and related conduct attributed to Joles, while it occurred over several years was repetitive, does not meet the required level for guideline enhancement for sophistication; the enhancements were found similarly inapplicable to the other defendants involved in the money laundering conspiracy in this case and should not be applied here. The same conclusion of no-applicable sophistication enhancement was made as to the other defendants in this case, with the government similarly agreeing that no sophisticated means or laundering enhancements were warranted in this case.

4. Mr. Joles objects to Paragraph 40, the Adjusted Offense Level should be 34 as discussed above in the general objection.

5. Mr. Joles objects to Paragraph 130, the Total Offense Level should be 31 as discussed above in the general objection.

>Respectfully submitted,
>
>TACHE, BRONIS AND DESCALZO, P.A.
>150 S.E. 2nd Avenue, Suite 600
>Miami, Florida 33131
>Telephone: (305) 537-9565
>Facsimile:  (305) 537-9567
>
>By: */s/ Marissel Descalzo*
>  Marissel Descalzo
>  Florida Bar No. 669318
>  mdescalzo@tachebronis.com
>  service@tachebronis.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Court, served on Probation, and on all counsel of record this 29th day of July, 2021.

>By: */s/ Marissel Descalzo*
>  Marissel Descalzo, Esq.