UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-CR-20674-DPG

UNITED STATES OF AMERICA

v.

JOSE ARMANDO RIVERA, and
BORIS ARENCIBIA,

    Defendants.
_____/

### ORDER ON DEFENDANTS' MOTIONS FOR BILL OF PARTICULARS

**THIS CAUSE** is before the Court upon Defendant Jose Armando Rivera Garcia's Motion for Bill of Particulars (ECF No. 974), and Defendant Boris Arencibia's Motion for Bill of Particulars and to Join and Adopt Codefendant Jose Armando Rivera Garcia's Motion for Bill of Particulars (ECF No. 981).[1] These matters were referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge. (ECF Nos. 976, 986). The undersigned conducted a hearing on the Motions on October 24, 2024. Having considered the Motions, the Governments' responses, the evidence and arguments advanced at the hearing, the record as a whole, and being otherwise fully advised, Defendants' Motions are **GRANTED IN PART AND DENIED IN PART**. The Government's Motion to Strike Arencibia's Motion is **DENIED**.

**I.    BACKGROUND AND MOTIONS**

Defendants Jose Armando Rivera Garcia ("Rivera") and Boris Arencibia ("Arencibia") (collectively, "Defendants") have been charged by way of a Sixth Superseding Indictment with conspiracy to deliver misbranded and adulterated drugs in violation of 18 U.S.C. § 371 (Count 1);

---

[1] The Government responded to Rivera's Motion (ECF Nos. 975, 1010, 1011), and moved to strike or summarily deny Arencibia's Motion (ECF No. 983).

1

conspiracy to traffic in medical products with false documentation in violation of 18 U.S.C. § 670 (Count 2), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 3). (ECF No. 927). Rivera was not charged in Counts 1 through 3 until the Sixth Superseding indictment.

Count 1 of the Sixth Superseding Indictment charges that Defendants—together with their codefendants—from an unknown date at least as early as in or around January 2013, and continuing until on or about May 28, 2019, in Miami-Dade County:

> Conspired with intent to defraud,
> (a) To introduce and deliver for introduction into interstate commerce adulterated and misbranded drugs, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2)[,]
> (b) [t]o receive in interstate commerce and deliver unadulterated and misbranded drugs, in violation of Title 21, United States Code, Sections 331(c) and 333(a)(2), and
> (c) to provide and to accept ownership of prescription drugs as wholesale distributors without providing or obtaining transaction histories and information as required by Title 21, United States Code, Section 360eee-1(c)(1)(A)(i) and (ii), in violation of Title 21, United States Code Sections 331(t) and 33(a)(2).

(*Id.* at 3). The manner and means of the conspiracy set out in Count 1 include the following:

> (1) acquiring and establishing licensed pharmaceutical wholesale companies for the purpose of carrying out the conspiracy; (2) buying expensive prescription medications, made to treat illnesses such as psychiatric disorders, cancer, and HIV infections, from sources who had obtained them from theft and burglary and from health care fraud, including buying them from patients who had received them at greatly reduced prices through Medicare and Medicaid; (3) alternating the labeling and preparing false and fraudulent pedigrees for prescription drugs in order to make them appear to have been sent to the conspirators through the legitimate means of commerce directly from the manufacturers or other established licensed wholesalers, and (4) introducing them back into interstate commerce by selling them to pharmacies.

(*Id.* at 3–4). Count 1 goes on to list a series of Overt Acts Defendants allegedly performed. In broad strokes, Arencibia is alleged to have engaged in various acts, including meetings and transactions in

furtherance of the conspiracy between 2013 and 2019. Rivera is only named in the following two overt acts:

> 19. At an unknown date in 2018, defendants [Arencibia] and [Rivera], met with Eladio Vega and Lazaro Hernandez at [Arencibia's] residence in Miami, Florida to discuss selling diverted pharmaceuticals and laundering the proceeds.
> 24. On or about November 14, 2018, defendant [Rivera], paid for an airline ticket for defendant Gustavo Linares Guzman to fly from Connecticut to Puerto Rico in connection with the business of LDD Distributors, LLC.

(*Id.* at 3–7).

Count 2 charges that the Defendants, and their codefendants, from an unknown date at least as early as in or around January 2013, and continuing until on or about May 28, 2019,

> knowingly and willfully agreed, conspired, and combined with [named co-conspirators] and others known and unknown to the Grand Jury to knowingly and falsely make and alter the labeling and documentation of pre-retail medical products, and to knowingly possess, transport, and traffic in pre-retail medical products involving false and altered labeling and documentation, in and using a means and facility of interstate commerce, in violation of Title 18, United States Code, Section 670(a)(2) and (3); all in violation of Title 18, United States Code, Section 670(a)(6).

(*Id.* at 7–8). Finally, Count 3 charges that the Defendants, and their codefendants, from an unknown date at least as early as in or around January 2013, and continuing until May 27, 2019,

> knowingly and voluntarily combined, conspired, and agreed with each other and with [named coconspirators] and other known and known to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957 . . . . It is further alleged that the specified unlawful activity was mail fraud and wire fraud, in violation of Title 18, U.S.C. Sections 1341 and 1343.

(*Id.* at 9).

Defendants now move for a Bill of Particulars, pursuant to Federal Rule of Criminal Procedure 7(f). (ECF Nos. 974, 981). Defendants contend that they are hindered in mounting a defense at trial. Rivera argues that the indictment fails to give him adequate notice of his alleged

3

role in the conspiracy alleged in Count 1, which spans over six years, yet he is named only in two overt acts. Rivera requests that the Government specify the dates, locations, and descriptions of acts Rivera performed to further the conspiracy. (ECF No. 947 at 4). Similarly, Arencibia requests greater specificity in Count 1 for the Overt Acts in which he is named. With respect to Counts 2 and 3, both Defendants argue that the charges lack specific details of their roles in the conspiracy and the date each Defendant is alleged to have joined.

The Government initially opposed Rivera's Motion on the basis that he failed to confer prior to filing his Motion, and filed the Motion before counsel had an opportunity to view the discovery hard drive made available by government counsel. (ECF No. 975 at 1–2). The Government secondarily represented that it had provided Rivera with copies of the relevant portions of Reports of Interviews ("ROIs") of six cooperating co-conspirators expected to testify against Rivera and a hard drive containing records of nearly all the financial transactions involved in the conspiracy. (*Id.*). The Government also represented that it engaged in a reverse proffer with Rivera and his counsel, where it explained its case against Rivera, including: "who were the witnesses against him, what they said he did, what bank records were relevant to his involvement, [and] specific payments and travel arrangement for a co-conspirator." (ECF No. 1011 at 1).

In response to Arencibia's Motion, the Government moved for an Order striking or summarily denying Arencibia's Motion on the grounds that it was untimely pursuant to Southern District of Florida Local Rule 88.9(c). (ECF No. 983). The Government argues that because Arencibia was arraigned on February 7, 2024, the deadline to file the Motion was, at the latest, March 20, 2024. Arencibia filed his Motion on August 9, 2024. (ECF No. 981). However, while Arencibia

4

was arraigned on the Fifth Superseding Indictment, he was not re-arraigned following the unsealing of the Sixth Superseding Indictment.[2]

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient 'if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Steele*, 178 F.3d 1230, 1233–34 (11th Cir. 1999) (quoting *United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998)). If the indictment is not sufficient, Federal Rule of Criminal Procedure 7(f) permits the court to "direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f).

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). "Courts in this Circuit are typically careful to not overextend these purposes, however." *United States v. Ramamurthy*, No. 18-20710-CR, 2019 WL 633328, at *2 (S.D. Fla. Feb. 13, 2019). "A bill of particulars is not meant to be a mechanism of general discovery." *Id.* Likewise, a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Roberts*, 174 Fed. Appx. 475, 477 (11th Cir. 2006) (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)). "[D]istrict courts have broad discretion in deciding

---

[2] The Court arraigned Arencibia on the Sixth Superseding Indictment during the October 24, 2024 hearing upon request of Arencibia and non-objection of the Government. (ECF No. 1016).

whether a bill of particulars should be granted, and a district court's denial of a bill of particulars is only reversible upon a showing of actual surprise and prejudice against the defendant at trial." *Ramamurthy*, 2019 WL 633328, at *3 (citing *Cole*, 755 F.2d at 760).

### III. THE HEARING

At the October 24, 2024 hearing, the Government provided Defendants with an oral Bill of Particulars by offering the testimony of lead case agent, FBI Special Agent Matthew Lanthorn. Special Agent Lanthorn testified that Rivera held the role of the "brains" or "consigliere" of the operation; that is, the Government is traveling under the theory that Rivera was providing guidance and oversight to the conspiracy, without personally engaging in the transactions identified throughout the Government's discovery. The Government confirmed its allegations against Rivera were not dependent on Rivera's participation in or knowledge of any one transaction. Additionally, while the Government does not have evidence of checks or wire transfers going directly or indirectly to Rivera, the Government intends to ask the jury to infer that Rivera received a benefit for his role in the conspiracy. The Government advised that it would prove Rivera's role in the conspiracy through the testimony of witnesses, whose identities already been disclosed to defense counsel. As to the date on which Rivera is alleged to have joined the conspiracy, Special Agent Lanthorn testified that the Government's evidence against Rivera is limited to 2018, forward.[3]

With regard to Count 3, the Government provided a further oral Bill of Particulars explaining the "specified unlawful activity" was "mail fraud and wire fraud." (ECF No. 927 at 9). The Government explained that the mail fraud and wire fraud allegations are premised on evidence of diverted pharmaceuticals shipped interstate via Federal Express.

---

[3] Government counsel neither confirmed nor corrected the agent's testimony, stating only that he had no present knowledge of evidence of Rivera's earlier involvement.

6

At the hearing, Rivera agreed that the Government's oral Bill of Particulars satisfied the relief sought in his Motion.

As to Arencibia, defense counsel conferred with the Government and Special Agent Lanthorn during a recess in the proceedings. Following conferral, Arencibia advised the Court that the Government likewise provided an oral Bill of Particulars which satisfied the relief sought in his Motion.

### IV.   CONCLUSION

The Court acknowledges the Government's argument that Arencibia's Motion was untimely under Southern District of Florida Local Rule 88.9. *See* S.D. Fla. L.R. 88.9(c). However, Arencibia was not yet arraigned on the Sixth Superseding Indictment. Therefore, the clock for pretrial motions did not begin running until Arencibia's arraignment at the October 24, 2024, hearing. Accordingly, the Government's Motion to Strike or Summarily Deny Arencibia's Motion is **DENIED**. (ECF No. 983).

Turning to the substance of the motions, the Court has read and heard the arguments of the parties, reviewed the entire case, and read all of the relevant caselaw. The Court finds that the Government's oral Bill of Particulars provided to Defendants at the October 24, 2024, hearing included all of the additional information to which Rivera is entitled under Rule 7(f). Any further information sought by Rivera in his motion is not required to be provided under the law, nor did Rivera seek additional information when given the opportunity. Likewise, upon Arencibia's agreement, the Court is likewise satisfied that the oral Bill of Particulars provided to Arencibia included all of the additional information to which Arencibia is entitled under Rule 7(f). Therefore, no additional Bill of Particulars shall be required.

Based on the foregoing, it is **ORDERD AND ADJUDGED** that Defendant Jose Armando Rivera Garcia's Motion for Bill of Particulars (ECF No. 974), and Defendant Boris Arencibia's Motion for Bill of Particulars and to Join and Adopt Codefendant Jose Armando Rivera Garcia's Motion for Bill of Particulars (ECF No. 981) are **GRANTED IN PART AND DENIED IN PART**. The Motions are granted to the extent that the Government supplemented the Sixth Superseding Indictment with an oral Bill of Particulars at the October 24, 2024 hearing and denied in all other respects. The Government's Motion to Strike or Strike or Summarily Deny Defendant's Motion for Bill of Particulars (ECF No. 983) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of November, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE